PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
GEARDO HERNANDEZ

*Defense Counsel Listed Below

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VCA ANIMAL HOSPITALS, INC;<br>VCA, INC.; INGRID B. HARDY; AND<br>DOES 1-20, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 3:18-cv-04682-TSH<br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED]**<br>**ORDER FOR INJUNCTIVE RELIEF FOR**<br>**INJUNCTIVE RELIEF, DAMAGES, AND**<br>**ATTORNEY FEES, LITIGATION**<br>**EXPENSES, AND COSTS**<br><br>Action Filed: August 3, 2018 |

CATHERINE M. CORFEE SBN 155064
CORFEE STONE & ASSOCIATES
P.O. Box 1098
Carmichael, CA 95609
Telephone: (916) 487-5441
Facsimile: (916) 487-5440
Email: catherine@corfeestone.com

Attorney for Defendant
VCA ANIMAL HOSPITALS;
VCA INC.; and INGRID B. HARDY

　　　　1.　　　Plaintiff GERARDO HERNANDEZ filed a Complaint in this action on

August 3, 2018, to enforce provisions of the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery

of damages for discriminatory experiences, denial of access, and denial of civil rights against

1. Defendants VCA ANIMAL HOSPITALS, INC; VCA, INC.; and INGRID B. HARDY. Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to users of the veterinarian clinic located at 718 El Camino Real, San Carlos, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief. Defendants do not admit liability.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the

California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures and Administrative Procedures:** Defendants shall perform the remedial work set forth in the report attached to this Consent Decree as Exhibit A.

    b. **Policy Based Remedial Measures and Administrative Procedures:** Defendants agree that within 30 days from the date of filing this document with the Court, Defendants will make the following policy commitments: All staff, including managers, will be trained to offer reasonable accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations. Defendants agree to make reasonable accommodations in their policies and practices when interacting with disabled patrons.

    c. **Timing**: Defendants will complete each item on the schedule stated in this Consent Decree by October 31, 2019. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

    d. Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than October 31,

2019.

  e. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Defendants to pay Plaintiff's counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

  6. Defendants agree to pay Plaintiff a total of $24,000 for Plaintiff's damages, attorney fees, litigation expenses, and costs. The damages, attorney fees, litigation expenses and costs shall be paid by check payable to "REIN & CLEFTON IN TRUST FOR GERARDO HERNANDEZ" and delivered to Plaintiff's counsel's office, located at 200 Lakeside Drive, Suite A, Oakland California, by close of business on May 31, 2019.

**LIQUIDATED DAMAGES CLAUSE**

  7. Time is of the essence for this agreement. Delay in payment to Plaintiff creates uncertainty for Plaintiff and Plaintiff's counsel in resolving this matter. In the case of Plaintiff's counsel, this may also mean spending time pursuing collections issues instead of representing disabled persons on other matters and advancing the public interest in making other sites accessible. In consideration of these issues, if Defendants do not pay both the attorney fees and damages contemplated in this Agreement on or before the date specified in this Agreement, Defendants agree to pay $250 per day for each day that payment is not

received by Plaintiff. If enforcement of the monetary terms of this agreement becomes necessary, Defendants agree that damages pursuant to this clause will be added to the settlement amount and any motion to enforce this agreement, motion for attorney fees in association with enforcement, and/or judgment entered by the Court.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

12. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

//

//

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

```
 1   Dated: May 22, 2019         PLAINTIFF GERARDO HERNANDEZ
 2
 3                               [signature]
 4                               _____
                                 GERARDO HERNANDEZ
 5   Dated: _____, 2018     DEFENDANT INGRID B. HARDY
 6
 7                               _____
                                 INGRID B. HARDY
 8
 9   Dated: _____, 2019     DEFENDANT VCA ANIMAL HOSPITALS, INC.
10
11                               By: _____
                                 Print name: _____
12                               Title: _____
13
     Dated: _____, 2019     DEFENDANT VCA, INC.
14
15
                                 By: _____
16                               Print name: _____
                                 Title: _____
17
     Approved as to form:
18
     Dated: 5/22, 2019            REIN & CLEFTON
19
20                                [signature]
                                  By: AARON M. CLEFTON, ESQ.
21                                Attorneys for Plaintiff
                                  GERARDO HERNANDEZ
22
23                                CORFEE STONE & ASSOCIATES
     Dated: _____, 2019
24
                                  _____
25                                By: CATHERINE M. CORFEE, ESQ.
                                  Attorneys for Defendants
26                                VCA ANIMAL HOSPITALS; VCA INC.; and
                                  INGRID B. HARDY
27
```

- 8 -

CONSENT DECREE AND [PROPOSED] ORDER

| | |
|---|---|
| Dated: _____, 2019 | PLAINTIFF GERARDO HERNANDEZ |
| | |
| | _____ |
| | GERARDO HERNANDEZ |
| | |
| Dated: 5/20, 2018 | DEFENDANT INGRID B. HARDY |
| | |
| | *Ingrid B. Hardy* |
| | INGRID B. HARDY |
| | |
| Dated: May 20, 2019 | DEFENDANT VCA ANIMAL HOSPITALS, INC. |
| | |
| | By: _____ |
| | Print name: Rachael Jeck |
| | Title: General Counsel |
| | |
| Dated: May 20, 2019 | DEFENDANT VCA, INC. |
| | |
| | By: _____ |
| | Print name: Rachael Jeck |
| | Title: General Counsel |

Approved as to form:

Dated: _____, 2019     REIN & CLEFTON

_____
By: AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
GERARDO HERNANDEZ

Dated: _____, 2019     CORFEE STONE & ASSOCIATES

_____
By: CATHERINE M. CORFEE, ESQ.
Attorneys for Defendants
VCA ANIMAL HOSPITALS; VCA INC.; and
INGRID B. HARDY

- 8 -

| | | |
|---|---|---|
| 1 | Dated: _____, 2019 | PLAINTIFF GERARDO HERNANDEZ |
| 2 | | |
| 3 | | _____ |
| 4 | | GERARDO HERNANDEZ |
| 5 | Dated: _____, 2018 | DEFENDANT INGRID B. HARDY |
| 6 | | |
| 7 | | _____ |
| 8 | | INGRID B. HARDY |
| 9 | Dated: May 20, 2019 | DEFENDANT VCA ANIMAL HOSPITALS, INC. |

By: *(signature)*
Print name: Rachael Jeck
Title: General Counsel

Dated: May 20, 2019         DEFENDANT VCA, INC.

By: *(signature)*
Print name: Rachael Jeck
Title: General Counsel

Approved as to form:

Dated: _____, 2019         REIN & CLEFTON

By: AARON M. CLEFTON, ESQ.
Attorneys for Plaintiff
GERARDO HERNANDEZ

Dated: May 22, 2019         CORFEE STONE & ASSOCIATES

By: *(signature)* CATHERINE M. CORFEE, ESQ.
Attorneys for Defendants
VCA ANIMAL HOSPITALS; VCA INC.; and
INGRID B. HARDY

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: **May 23**, 2019

_____
Honorable Thomas S. Hixon
U.S. Magistrate Judge

**EXHIBIT A**

# REMEDIATION CHART – VCA Animal Hospital

*Gerardo Hernandez v. VCA Animal Hospitals, Inc.; VCA, Inc.; Ingrid B. Hardy*

Case No. 3:18-cv-04682-TSH

| BARRIER | RESOLUTION |
|---|---|
| No van-accessible stalls noted. | Defendant will update |
| Van accessible stalls shall have a sign or additional wording that reads "Van Accessible". No "Van Accessible" parking signage noted. | Defendant will update |
| Access aisle serving accessible parking spaces shall adjoin an accessible route. No access aisle is provided. | Defendant will update |
| No detectable warning between pedestrian areas and vehicular area noted. | Defendant will update. |
| Cross slope of accessible parking stall exceeds the 2% slope allowed by code. Direct slopes were measured at 6%, and cross slopes were measured at 3.4% and 4%. | Defendant will update |
| Vertical clearance not to code due to a tree handing into the space. | Defendant will update |
| Van accessible stalls shall have a sign or additional wording that reads "Van Accessible"; no "Van Accessible" parking signage noted. | Defendant will update |
| A sign shall say "Minimum fine $250" located below ISA signage. Sign must be reflectorized. No "Minimum fine $250" signage noted. | Defendant will update |
| No accessible stalls striped; no painting of ISA symbol. | Defendant will update |

| BARRIER | RESOLUTION |
|---|---|
| At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. Where more than one route is provided, all routes must be accessible. Accessible routes shall coincide with or be located in the same area as general circulation paths. No accessible route is noted. | The parties that the accessible route shall terminate at the boundary of the site in the alley. |
| At least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site. No accessible route connecting accessible building or spaces on same site. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements within the building or facility, including mezzanines, which are otherwise connected by a circulation path unless exempted by Section 11B-206.2.3 Exceptions 1 through 7 (Multi-story compliance). No accessible route connecting accessible entrances within the building or facility. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| Accessible routes shall coincide with or be located in the same area as general circulation paths. Where circulation paths are interior, required accessible routes shall also be interior. An accessible route shall not pass through kitchens, storage rooms, restrooms, closets or other spaces used for similar purposes, except as permitted by Chapter 10. No accessible route located in same area as general circulation path. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| Accessible route not stable, firm, and slip resistant. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| Walks and sidewalks shall have a continuous common surface, not interrupted by steps or abrupt changes in level exceeding 1/4", or 1/2" at 50% slope. Current walkways are broken and unleveled and change in level exceeds code at tile edge to main entrance. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| Direct slope in accessible route exceeds 5% allowed by code. Direct slopes measured at 5.5%. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| Cross slope exceeds 2% allowed by code. Cross slopes measured at 6.1% and 3.2%. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |

| BARRIER | RESOLUTION |
|---|---|
| Abrupt changes in level exceeding 4" vertical located between walks, sidewalks or other pedestrian ways and adjacent surfaces shall be identified by warning curbs projecting at least 6" in height above the walk or sidewalk surface to warn the blind of a potential drop off. No warning curbs provided at excessive drop-off | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| Clear width of walks and sidewalks shall be 48" minimum. Walkway measured at 41"-45" width. | Defendant will place a sign at the main streets stating that the accessible path of travel access is at the rear access alley. The sidewalk will meet applicable code. |
| If walk or sidewalk has less than 60" clear width, accessible route shall provide a passing space at intervals not to exceed 200'. Passing spaces can either be a 60" x 60" minimum space, or a T-intersection extending 48" minimum beyond the intersection in all directions. Current walkway width not to code due confined passing space dimensions. | Plaintiff waives. |
| All walks with continuous gradients shall have resting areas 60" minimum in length at intervals of 400' maximum. The resting area shall be at least as wide as the walk. The slope of the resting area in all directions shall be 2% maximum. Current resting area slopes exceed 2%. | Plaintiff waives. |
| Directional sign with ISA consisting of a white figure on a blue background must be placed along an accessible route indicating direction to nearest accessible entrances when the accessible route diverges from the regular circulation path. No accessible route signage provided. | Defendant will update. |
| No detectable warning noted between vehicular area and pedestrian area. | Defendant will update. |
| No 36" detectable warning noted between vehicular area and pedestrian area. | Defendant will update. |
| Loose mats at doorway shall be securely attached and shall not exceed 1/2" in pile height. Exposed edges shall be fastened to floor surfaces and shall have trim on the entire length of the exposed edge shall not exceed 4". There is a loose mat in the doorway. | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |
| Door sweep period exceeds code. | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |

| BARRIER | RESOLUTION |
| --- | --- |
| Door opening pressure exceeds code. | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |
| Door frame bottom plate less than required 10" on push side. | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |
| Floor or ground surface slope exceeds 2%. It was measured at 7.7%. | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |
| Door threshold height is 7/8". | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |
| Door to be minimum 32" clear width and minimum 80" high. Openings more than 24" deep shall provide clear doorway opening of 36" minimum. Door width not to code and has depth greater than 5'. | Defendants agree to provide an electric door opener and provide a doorway that meets applicable codes. The push button will be on the level walkway. Defendants will not repave the front and replace the door. |
| Door hardware is not operable by one hand and not require tight grasping, pinching, or twisting of wrist. | Defendant will update. |
| Door sweep period exceeds code. | Defendant will update. |
| Door opening pressure exceeds code. | Defendant will update. |
| Clearance on latch side of door too confined. | Defendant will maintain a policy of staff accompanying members of the public, including persons with disabilities, to exam rooms, and opening doors for them as needed. |
| Door hardware is not operable by one hand and not require tight grasping, pinching, or twisting of wrist. | Defendant will update one room. |

| BARRIER | RESOLUTION |
|---|---|
| Door to be minimum 32" clear width and minimum 80" high. Openings more than 24" deep shall provide clear doorway opening of 36" minimum. Door width measured at 29 ¼". | Defendant will update one room. |
| Clearance on latch side of door too confined. Space it too small to provide minimum level area (less than 44"). | Defendant will maintain a policy of staff accompanying members of the public, including persons with disabilities, to exam rooms and opening doors for them as needed. |
| No accessible ISA entry signage at doorway noted. | Defendant will update. |
| No exit signage is noted. | Defendant will update. |
| No "Exit route" signage noted. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will update. |
| No exit signage is provided. | Defendant will remediate. |
| Restroom not noted as All-Gender. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |

| | BARRIER | RESOLUTION |
|---|---|---|
| | No restroom signage noted. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | No restroom signage noted. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | No restroom signage noted. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | Door hardware requires dexterity and grasping and twisting to operate. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | Door width not to code. Measured at 22"/ | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | Clearance on latch side of door too confined. Space too small to provide minimum level area. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | Turing space is too confined to provide a space of 60" diameter minimum, including knee/toe clearance space or a turning space of a T-shaped space with a 60" square minimum with arms and base 36" wide minimum. Each arm of the T shall be clear of obstructions 12" minimum in each direction and the base shall be clear of obstruction 24" minimum. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | Mirror height exceeds code. Measured at 46" FFL. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| | Vanity installed in a closed cabinet. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |

| BARRIER | RESOLUTION |
|---|---|
| Lavatory/sink does not allow for forward approach. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Clear floor space is too confined. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Clearance depth not to code.<br><br>Space between the finish floor or ground and 9" shall be considered toe clearance. Toe clearance shall be located 17" - 25" depth from front edge of sink, have clear width of 30" minimum, depth of 6", and be free of equipment/obstructions. Clearance beyond 6" depth at 9" height shall not be considered for toe clearance. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Knee clearance depth and width not to code.<br><br>Depth of 11" minimum at 9" above the finish floor or ground required measured from the front of the sink (Space between 9" and 29" above the finish floor or ground shall be considered knee clearance).<br><br>Depth of 8" minimum at 27" above the finish floor or ground shall be provided, increasing to 29" high minimum above the finish floor or ground at the front edge of a counter with a built-in lavatory or at the front edge of a wall-mounted lavatory fixture. Clearances: Between 9" - 27" above FFL, knee clearance permitted to reduce at a rate of 1" depth for each 6" height minimum.<br><br>Knee clearance shall have width of 30" minimum, and be free of equipment/obstructions. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Soap dispenser height exceeds 40" maximum from the floor or ground surface. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Water closet location out of required range 17" - 18". Measured at 22 ½" on center line from the nearest wall. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |

| BARRIER | RESOLUTION |
|---|---|
| Space between water closet and furthest wall falls under 48" minimum. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Space around the water closet is too confined to the meet the 60" minimum measured from side walls; 56" minimum measured from rear wall for wall hung water closets, and 59" minimum measured from rear wall for floor mounted water closets required by the code. Door may NOT swing into any of this clearance space. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Toilet paper dispenser location out of range. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Grab bar is missing at the side. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Grab bar is missing at the rear. | Defendants shall maintain their policy of allowing only employees to use their restroom, and shall not discriminate by allowing non-employees to use the restroom. |
| Minimum number of accessible work surfaces are not provided. | Defendant will update. |
| Counter height exceeds maximum 28" to 34" from ground allowed by code and no lowered section at least 36" wide is provided. | Defendant will update. |
| No accessible signage noted at service counter. | Defendant will update. |
| Clearance depth not to code. | Defendant will update. |
| Knee clearance depth and width are not to code | Defendant will update. |
| No site entrance signage provided. | Defendant will update. |